IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CLEVELAND LAVELL LEE,**

    **Plaintiff,**

    v.                                                                                                  CASE NO. 25-3021-JWL

**JEREMY GILKERSON, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se. Plaintiff brings this action against Correctional Officers at the El Dorado Correctional Facility. Plaintiff's claims appear to be based on his dissatisfaction with having dogs in his cell house. Plaintiff alleges that he was "written up" for not wanting to live with dogs and other inmates threatened Plaintiff because he did not want dogs in the unit. Plaintiff alleges that Defendant Gilkerson was mad because Plaintiff said he would harm the dog. Plaintiff alleges that inmates wrote to staff indicating they were going to beat Plaintiff up because he got the dog kicked out of the cell house. For relief, Plaintiff seeks an apology, $500,000 for pain and suffering, $500,000 for emotional distress, and paperwork saying that dogs are part of the program.

Plaintiff has filed a motion seeking leave to proceed in forma pauperis (Doc. 2). The Court finds that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he

---

[1] Prior to filing the instant complaint, the Court finds at least 3 prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Lee v. Labette Medical Staff, et al.*, Case No. 15-cv-3137-SAC-DWJ (D. Kan. April 26, 2016) (dismissed for failure to state a claim upon which relief may be granted); *Lee v. Labette County Jail, et al.*, Case

may proceed in forma pauperis only if he establishes a threat of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

Plaintiff alleges that inmates have threatened to beat up Plaintiff. Plaintiff has failed to make specific, credible allegations of imminent danger of serious physical harm. Conclusory assertions are insufficient. Plaintiff's request for relief does not seek any form of protection. The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. If

---

No. 15-cv-3167-SAC-DJW (D. Kan. April 26, 2106) (same); *Lee v. Sims, et al.*, Case No. 15-cv-3194-SAC-DJW (D. Kan. April 26, 2016) (same).

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 4, 2025,** to submit the $405.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

Dated February 4, 2025, in Kansas City, Kansas.

> **S/ John W. Lungstrum**
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE