## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CLEVELAND LAVELL LEE,

      **Plaintiff,**

      **v.**                                    **CASE NO. 25-3021-JWL**

JEREMY GILKERSON, et al.,

      **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se. Plaintiff brings this action against Correctional Officers at the El Dorado Correctional Facility. Plaintiff's claims appear to be based on his dissatisfaction with having dogs in his cell house. Plaintiff alleges that he was "written up" for not wanting to live with dogs and other inmates threatened Plaintiff because he did not want dogs in the unit. Plaintiff alleges that Defendant Gilkerson was mad because Plaintiff said he would harm the dog. Plaintiff alleges that inmates wrote to staff indicating they were going to beat Plaintiff up because he got the dog kicked out of the cell house.

On February 4, 2025, the Court entered a Memorandum and Order (Doc. 3) ("M&O") denying Plaintiff's motion for leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).[1] The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court found that Plaintiff failed to make specific, credible allegations of imminent danger of serious physical harm, and conclusory assertions are insufficient. The Court noted that Plaintiff's request for relief does not

---

[1] After the Court denied Plaintiff's first motion, he filed a second motion for leave to proceed in forma pauperis (Doc. 4). The Court denied the second motion for the same reasons the first motion was denied. (Doc. 5.)

seek any form of protection. The Court granted Plaintiff until March 4, 2025, to submit the $405.00 filing fee.

The M&O provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 3, at 3.) Plaintiff has failed to pay the filing fee by the deadline set forth in the M&O.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

 **IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated March 6, 2025, in Kansas City, Kansas.**

>**S/ John W. Lungstrum**
>**JOHN W. LUNGSTRUM**
>**UNITED STATES DISTRICT JUDGE**